UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TURNER JONES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-592 |
| | § | |
| DIVERCARE AFTON OAKS, L.L.C., | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is defendant Diversicare Afton Oaks, L.L.C.'s ("Diversicare") motion for summary judgment. Dkt. 18. Upon consideration of the motion, response, reply, summary judgment record, and applicable law, the court finds the motion should be **GRANTED**.[1]

**I. BACKGROUND**

Diversicare hired Turner Jones ("Jones"), a male, on May 19, 2010, as a floor technician in its Houston-based nursing home, Afton Oaks Nursing & Rehabilitation Center ("Afton Oaks"). Dkt. 18-1 at 3. On October 28, 2012, a female co-worker named Deborah Whitfield ("Whitfield") slapped Jones on his rear end twice while he engaged in conversation with another female co-worker, Eliza Majano ("Majano"). Dkt. 19-2 at 1. Shortly thereafter, Jones wrote a statement about the

---

[1] Jones also requests entry of default judgment because Diversicare did not file an answer to his amended complaint. Dkt. 19. The court does not find that default judgment is appropriate in this case because Diversicare has actively litigated this lawsuit. *See JMC Constr. L.P. v. Modular Space Corp.*, 2008 WL 4531819, at *2 (N.D. Tex. Oct. 08, 2008) (finding that although "Defendants did not file an answer in response to the amended complaint, the history of the case shows Defendant has made an appearance in the case and has shown its intent to defend against all of Plaintiff's claims"). Specifically, Diversicare answered Jones's original complaint, which included state claims that are identical to the federal claims asserted in his amended complaint, engaged in discovery, deposed Jones, and attended mediation.

event and reported it to Linda Rocha, the manager on duty. Dkt.12 at 2. As a witness to the event, Majano also submitted a statement. *Id.*

The next day Jones met with his supervisor, Stephanie Harris ("Harris"), who he claims treated him rudely and removed him from the schedule. *Id.*; Dkt. 19-2 at 2. On that same day, Diversicare launched an investigation into Jones's sexual harassment claim. Dkt. 18 at 3. Subsequently, the Director of Nursing, Ray Baker, disciplined Whitfield after finding her actions were inappropriate. *Id.* Then, on October 31, 2012, Jones alleges that Harris fired him. Dkt. 12 at 2.

Diversicare denies that any adverse employment action was taken as a result of Jones's sexual harassment claim. Dkt. 18 at 5. Diversicare maintains that it reduced Jones's schedule as part of a planned reduction in hours for all employees, and Jones was only fired after he failed to show up for work. Dkt. 18-2 at 2. Before the incident between Jones and Whitfield occurred, Diversicare was in the process of reducing all employees' hours at Afton Oaks in order to comply with budget constraints. Dkt. 18-1 at 3. Specifically, Afton Oaks only needed to staff one full-time and one part-time floor technician. *Id.* Afton Oaks had three floor technicians, and pursuant to the planned reduction in hours, it reassigned the floor technicians' shifts based upon seniority. Jones was the second most senior of the three floor technicians, so he was assigned the part-time (weekend) shift. *Id.* Maria Castenetta, the most senior of all the floor technicians with 19 years of employment, retained her full-time shift. *Id.* And Shaheed Muhammad, the floor technician with the least seniority, was placed on an as-needed basis. *Id.*

Diversicare contends Harris met with Jones on October 31, 2012, to inform him that his hours were going to be reduced. Dkt. 18-2 at 2. Diversicare claims that after Jones learned his hours

2

were going to be reduced, he stated in the meeting with his supervisor that he was being "picked on," although he was informed that all employees at Afton Oaks were having their hours reduced. Dkt. 18-3, Ex. F.  Jones then responded that "some hours are better than none." *Id.*  According to Diversicare, Jones requested to be off on November 3 and 4; therefore, Harris scheduled Jones's new work shift to begin the following weekend on November 9 and 10. Dkt. 18-2 at 2.  Jones did not show up or call in on November 9 and 10. *Id.* at 3.  Subsequently, Diversicare terminated Jones according to its employee attendance policy. *Id.*

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a); *Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008).  The moving party bears the initial burden of informing the court of all evidence, if any, demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine dispute of material fact. *Id.* at 322.  A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986); *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005).  A dispute is "material" if its resolution could effect the outcome of the action. *Anderson*, 477 U.S. at 248.

## III. ANALYSIS

Jones alleges that Diversicare unlawfully discriminated against him because of his sex and retaliated against him for opposing a discriminatory practice in violation of Title VII of the Civil

Rights Act of 1964 and the Texas Commission on Human Rights Act, Texas Labor Code §§ 21.001, *et seq.* ("TCHRA"). Title VII prohibits an employer from discriminating against its employees on the basis of "race, color, religion, sex, or national origin," or retaliating against an employee for filing a complaint or opposing a discriminatory practice. 42 U.S.C. §§ 2000e-2-3. "Because TCHRA is intended to correlate with Title VII, the same analysis is applied for each claim." *Allen v. Radio One of Tex. II, L.L.C.*, 515 Fed. Appx. 295, 297 (5th Cir. 2013); *see also Shackelford v. Deloitte & Touche, L.L.P.*, 190 F.3d 398, 404 n.2 (5th Cir. 1999) ("[T]he law governing claims under the TCHRA and Title VII is identical."). Therefore, the court's analysis will pertain to all of plaintiff's claims.

### A.   Sexual Harassment (Hostile Work Environment)

Jones contends that his female co-worker sexually harassed him at work when she slapped his rear end twice on one occasion. To prove a hostile work environment claim, Jones must demonstrate the following five elements: (1) membership in a protected group; (2) unwelcome sexual harassment; (3) the harassment complained of is based on sex; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action. *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 434 (5th Cir. 2005). For harassment to affect a term, condition, or privilege of employment, the harassing conduct must be sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment. *Aryain v. Wal-Mart Stores Tex. L.P.*, 534 F.3d 473, 479 (5th Cir. 2008).

In determining whether a hostile or abusive work environment exists, a court must assess the totality of the circumstances, including: (1) the frequency of the conduct; (2) the severity of the

4

conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with an employee's work performance. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23, 114 S. Ct. 367 (1993); *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 771 (5th Cir. 2009). Simple teasing, rude or offensive comments, or isolated incidents will not amount to actionable discrimination. *Harris*, 510 U.S. at 21.

Jones's hostile work environment claim fails in this case because he cannot establish that the harassment was severe or pervasive. The harassment Jones complains of involves one incident where a female colleague slapped him on the rear end twice. The Fifth Circuit considered a similar incident and determined that a newspaper slap to the rear end amounted to simple teasing, which did not affect the terms and conditions of employment. *Hockman v. Westward Commc'ns, L.L.C*, 407 F.3d 317, 328 (5th Cir. 2004). Like *Hockman*, Whitfield's conduct towards Jones was an isolated incident that amounted to simple teasing, and did not unreasonably interfere with his working conditions. Jones's proffered evidence does not show a genuine issue of material fact exists with regard to his sexual harassment claim.

### B. Retaliation

Jones also asserts a claim for retaliation on the basis that three days after he reported the sexual harassment incident to his supervisor, he suffered an adverse employment action. Diversicare, however, contends that Jones cannot establish his prima facie case for retaliation. For plaintiff to establish a prima facie case, he must show that: (1) he engaged in a protected activity; (2) an adverse employment action occurred; and (3) a causal link existed between the protected activity and the adverse action. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 657 (5th Cir. 2012). If the plaintiff successfully presents a prima facie case, the burden shifts to the employer to

provide a legitimate, non-retaliatory reason for the adverse employment action. *Id.* After the employer states its reason, the burden shifts back to the employee to demonstrate that the employer's reason is actually a pretext for retaliation. *LeMaire v. La. Dept. of Transp. and Dev.*, 480 F.3d 383, 388-89 (5th Cir. 2007). Specifically, the plaintiff must prove that he would not have experienced an adverse employment action "but-for engaging in protected activity." *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 685 (5th Cir. 2001). A plaintiff may avoid summary judgment and show but-for causation by demonstrating a conflict in substantial evidence on this ultimate issue. *Hernandez*, 670 F.3d at 660. "Evidence is 'substantial' if it is of such quality and weight that [a] reasonable and fair-minded [jury] in the exercise of impartial judgment might reach different conclusions." *Id.* (quoting *Long v. Eastfield Coll.*, 88 F.3d 300, 308 (5th Cir. 1996)).

    Diversicare argues that Jones cannot demonstrate a causal link between the adverse employment action and the protected activity. Diversicare contends that although Jones's hours were reduced around the time Jones reported Whitfield's harassment, there is no causal link between the two events. The prima facie standard is much less stringent than the but-for standard to show pretext and may be satisfied, in certain cases, based on temporal proximity between the protected activity and the adverse employment action. *Long v. Eastfield Coll.*, 88 F.3d 300, 305 n.4 (5th Cir. 1996); *see also Ware v. CLECO Power L.L.C.*, 90 Fed. Appx 705, 708 (5th Cir. 2004) (finding that fifteen days between the time plaintiff filed his complaint and was terminated is sufficient "close timing" to establish temporal proximity). According to Jones, he experienced an adverse employment action at Afton Oaks within days after he reported an incident of sexual harassment. For purposes of Jones's prima facie case, the court finds that the close timing between Jones filing his complaint and

Diversicare reducing Jones's hours and then ultimately terminating his employment is sufficient to create a casual link.  Therefore, Jones has established his prima facie case for retaliation.

However, Diversicare also offers a legitimate, non-retaliatory reason for Jones's reduced schedule and termination.  Diversicare contends it planned to reduce hours facility-wide before Jones reported the harassment.  It presented evidence dating back to October 19, 2012 (nine days before Jones reported the harassment incident) that corroborates Diversicare's claim of a facility-wide reduction in hours for its staff.  Dkt 18-3, Ex. L.  The hours were to be reduced based on seniority. Diversicare shows that for budgetary reasons only one full-time and one part-time (weekend) shift were available for the floor technicians.  Jones, the  second most senior floor technician, was reassigned to the part-time shift, while Maria Castenetta, an employee of 19 years, retained her full-time shift.  Diversicare also maintains that Jones did not show up or call in for work the weekend of November 9 and 10.  And afterwards, Diversicare terminated Jones for no call/ no show according to the company's attendance policy.  The reasons proffered by  Diversicare establish a legitimate, non-retalitory reason for Jones's reduced schedule and termination.

The burden now shifts to Jones to create a genuine issue of material fact by offering substantial evidence that Diversicare's reason for the adverse employment action was actually a pretext for retaliation.  Jones may avoid summary judgment by demonstrating that he would not have experienced an adverse employment action but for him engaging in protected activity.  *Medina*, 238 F.3d at 685.  Jones cites again to the temporal proximity between the adverse employment action and the protected activity, but temporal proximity alone is not sufficient proof to show pretext. *Hernandez*, 670 F.3d at 660; *see also Strong v. Univ.  Healthcare Sys.*, L.L.C., 482 F.3d 802, 808 (5th Cir. 2007) ("[T]emporal proximity alone, when very close, can in some instances establish a

prima facie case of retaliation. But we affirmatively reject the notion that temporal proximity standing alone can be sufficient proof of but for causation."). Additionally, in his affidavit, Jones alleges that after he reported the harassment to his supervisor, she treated him like he had "done something wrong" and accused him of "being a problem employee." Dkt. 19 at 2. Jones does not offer any specific details of this alleged mistreatment. *McCreless v. Moore Bus. Forms Inc.*, 1997 WL 157005, at *5 (5th Cir. Mar 26, 1997) ("[C]onclusory allegations . . . and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden."). Further, Jones cannot rely on his "subjective belief" that Diversicare's actions were retaliatory to prove pretext. *Aryain*, 534 F.3d at 487. Without additional evidence, Jones's claims do not constitute sufficient proof that his adverse employment action was retaliatory. Thus, Jones has failed to provide summary judgment evidence establishing that Diversicare unlawfully retaliated against him.

## IV. Conclusion

Diversicare has established, as a matter of law, that no genuine issue of material fact exists as to plaintiff's sexual harassment or retaliation claims. Therefore, Diversicare's motion for summary judgment (Dkt. 18) is GRANTED. Plaintiff's claims against Diversicare are DISMISSED WITH PREJUDICE. The court will enter a separate final judgment in accordance with this memorandum opinion and order.

It is so ORDERED.

Signed at Houston, Texas on June 17, 2014.

_____
Gray H. Miller
United States District Judge